**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BUMPER MAN, INC.,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **No. 3:15-CV-02434-BF** |
| **ROY SMIT,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Bumper Man's Objections to Roy Smit's Motion for Award of Attorneys' Fees [ECF No. 51]. For the following reasons, the Court VACATES its previous award of attorneys' fees and orders the parties shall bear their own costs and attorneys' fees.

**Background**

On September 12, 2016, the Court entered its Findings of Fact and Conclusions of Law. *See* Findings of Fact and Conclusions of Law [ECF No. 48] (hereafter "Findings"). The Court found Bumper Man, Inc. ("Plaintiff") did not present sufficient evidence on any of its claims and ordered a take-nothing judgment against Roy Smit ("Defendant"). Findings 14 [ECF No. 48]. The Court also ordered a take-nothing judgment for Plaintiff against Defendant's counterclaim. *Id.* [ECF No. 48].

The gravamen of Plaintiff's objection is the interpretation of "prevailing party" as provided for in the Termination Agreement and Mutual Release (the "Agreement"). Paragraph 6 of the Agreement states:

> 6. Attorneys' Fees. If an action is commenced between the parties in connection with the enforcement of any provision of this Agreement, the prevailing party will be entitled to reasonable costs and expenses, including attorney's fees and any expenses necessarily incurred to enforce the judgment.

*Id.* at 12 [ECF No. 48]. The Agreement does not define "prevailing party." The Court held Defendant was the prevailing party in his defense of Plaintiff's complaint. *Id.* [ECF No. 48]. The

Court subsequently awarded Defendant attorneys' fees as the prevailing party. *Id.* at 14 [ECF No. 48]. The Court also granted leave for Plaintiff to file objections to the award of attorneys' fees. *Id.* [ECF No. 48]. Plaintiff argues that since both parties lost on their respective claims there is no prevailing party. Pl.'s Obj. 1 [ECF No. 51].

## Analysis

### I. "Prevailing Party"

Under Federal Rule of Civil Procedure 54(d)(2)(B)(ii), a party may request for attorneys' fees by motion and must "specify the judgment and the statute, rule, or other grounds" entitling the party to such award. FED. R. CIV. P. 54(d)(2)(B)(ii). A party does not have to prevail on all issues to be entitled to an award of costs. *U.S. v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978). Black's Law Dictionary defines prevail as, "[t]o obtain the relief sought in an action; to win a lawsuit." Black's Law Dictionary (10th ed. 2014). "Under the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. . . . [However], [the American Rule] can . . . be overcome by an 'enforceable contract' allocating attorney's fees." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007) (internal citations omitted).

"State law applies in determining whether attorney's fees should be awarded in state-law cases." *CK DFW Partners Ltd. v. City Kitchens, Inc.*, 541 F. Supp. 2d 839, 840 (N.D.Tex. 2008) (citing cases). "Texas law permits an award for attorney's fees only if authorized by statute or contract." *Bennigan's Franchising Co., L.L.C. v. Team Irish, Inc.*, No. 3:11-CV-0364-D, 2011 WL 3903068, at *2 (N.D.Tex. Sept. 6, 2011) (Fitzwater, J.) ("*Bennigan's I*") (citing *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009)). Therefore, the Court applies Texas law in determining whether Defendant is entitled to attorneys' fees.

Prior to the Court entering its Findings, Defendant requested for attorneys' fees under Texas Civil Practice & Remedies Code § 38.001(8) and the Agreement. *See* Def.'s Mot. 2-3 [ECF No. 45]; TEX. CIV. PRAC. & REM. CODE § 38.001(8). Defendant now requests attorneys' fees solely under the Agreement. Def.'s Resp. 7 [ECF No. 55]. Since neither party contests the Agreement provides for fees to the prevailing party the Court need only look to the contract. "[T]he court need not consider the requirements of § 38.001(8) because the contract provision and stipulation control." *Am. Realty Trust, Inc. v. Matisse Cap. Partners, L.L.C.*, No. 3:00-CV-1801-G, 2005 WL 81705, at *3 (N.D.Tex. Jan. 13, 2005) (citing *Century Products Co. v. Cosco, Inc.*, No. 3:00-CV-0800-BH, 2003 WL 251957, at *8 (N.D.Tex. Jan. 31, 2003)).[1] When a contract leaves the term "prevailing party" undefined "we presume the parties intended the term's ordinary meaning." *Intercontinental*, 295 S.W.3d at 653. "[T]o prevail, a claimant must obtain actual and meaningful relief, something that materially alters the parties' legal relationship. That is, a plaintiff must prove compensable injury and secure an enforceable judgment in the form of damages or equitable relief." *Intercontinental*, 295 S.W.3d at 652. "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 654.

Defendant argues, "Smit, by being successful on both the main issues of this litigation and in denying all of Bumper Man's relief, is the prevailing party." Def.'s Resp. 5 [ECF No. 55]. Defendant defines "prevailing party" as "the party who successfully prosecutes the action or successfully defends against it, prevailing on the *main issue*." *Id.* at 6 [ECF No. 55] (emphasis in

[1] *See also Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc.*, 938 S.W.2d 102, 118 (Tex.App.-Hous. [14th Dist.] 1996, no writ) (finding that attorney fees were based on the underlying contract rather than statutory provisions); *One Call Sys., Inc. v. Hous. Lighting and Power*, 936 S.W.2d 673, 676 (Tex.App.-Hous. [14th Dist.] 1996, writ denied) (affirming an award of attorney fees, despite the absence of other affirmative relief, because the parties were free to adopt by contract a more liberal standard for the recovery of attorney fees).

original and citation omitted). However, the Texas Supreme Court has rejected the "main issue" analysis. *See Bennigan's I*, 2011 WL 3903068, at *3 n.7 (citing *Intercontinental*, 295 S.W.3d at 661); *Mohican Oil & Gas, L.L.C. v. Scorpion Expl. & Prod., Inc.*, 337 S.W.3d 310, 324 (Tex.App.-Corpus Christi 2011, pet. denied) (holding the Texas Supreme Court implicitly rejected the "main issue" analysis). Plaintiff contends the prevailing party status "turns on whether the party prevails upon the court to award it something, either monetary or equitable." Pl.'s Obj. 4 [ECF No. 51] (citation omitted). Plaintiff argues that since Defendant did not recover damages on his breach of contract counterclaim he cannot be the prevailing party. *Id.* [ECF No. 51].

At trial, the Court found for Defendant against all of Plaintiff's claims[2] and entered a take-nothing judgment in favor of Defendant. Findings 14 [ECF No. 48]. Plaintiff does not dispute that it is not the prevailing party on its claims against Defendant. Pl.'s Obj. 1 [ECF No. 51]. The Court relied on Plaintiff's same interpretation of "prevail" under *Intercontinental* in its Findings. Findings 13 [ECF No. 48].

First, Defendant has not properly plead for recovery of attorneys' fees under Chapter 38 or the Agreement. Also, the Texas Supreme Court in *Intercontinental* did not determine if a *prevailing defendant* is entitled to attorneys' fees. *See Silver Lion, Inc. v. Dolphin Street, Inc.*, No. 01-07-00370-CV, 2010 WL 2025749, at *18 (Tex.App.-Hous. [1st Dist.] May 20, 2010, pet. denied) ("The court in *Intercontinental* did not reach the issue of whether the defendant in that case could instead be the 'prevailing party,' holding that the defendant had waived that issue for appeal."). Defendant did not assert in any of his pleadings before trial that he was requesting for

---

[2] The Court vacates its finding of fact that the Court granted Defendant's motion for directed verdict. Findings 13 [ECF No. 48] ("At the close of the evidence the Court granted Smit's motion for directed verdict."). Upon closer examination of the record, the Court does not find Defendant moved for a directed verdict under Federal Rule of Civil Procedure 50. FED. R. CIV. P. 50(a). Instead, the Court found in favor of Defendant and denied all of Plaintiff's claims. *See* Tr. of R. at 169.

attorneys' fees specifically or exclusively under the Agreement or Chapter 38. All that appears in Defendant's Answer is for the Court to assess costs against Plaintiff. Def.'s Answer 7 [ECF No. 7]. Further, Defendant did not assert the basis for the recovery of attorneys' fees in his counterclaim. *See* Def.'s Countercl. 3 [ECF No. 14]; Pl.'s Resp. 1 ¶ 2, 2-3 ¶ 7 [ECF No. 47]. Although Defendant moved for attorneys' fees at trial, counsel did not request to amend his pleadings.[3] *See* Tr. of R. at 4, 100, 165, 170-71. Counsel never requested to amend his pleadings to recover attorneys' fees solely under the Agreement. *Heritage Gulf Coast Prop., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 659-60, 662 (Tex.App.-Hous. [14th Dist.] 2013) (holding defendant did not properly plea request for attorney's fees under the "prevailing party" provision of the contract and the trial court did not err in declining to award attorneys' fees under this theory). Irrespective of whether Defendant's request is properly before the Court procedurally, the Court declines to award attorneys' fees on other grounds. *See infra* Part III.

Moreover, even if the Agreement does not apply, Defendant cannot recover attorneys' fees under Chapter 38 because he did not prevail on his breach of contract claim. "Chapter 38 of the Texas Civil Practice and Remedies Code provides that '[a] person may recover reasonable attorney's fees . . . if the claim is for . . . an oral or written contract.'" *N. Star Water Logic, L.L.C. v. Ecolotron, Inc.*, 486 S.W.3d 102, 107 (Tex.App.-Hous. [14th Dist.] 2016) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8)). "Chapter 38 does not provide for recovery of attorneys' fees by defendants who only defend against a plaintiff's contract claim and do not present their

---

[3] *See Intercontinental*, 295 S.W.3d at 658-59 ("Intercontinental's lone pleading requesting attorney's fees is its original counterclaim, where it asserts Chapter 38, not the written contract, as a basis for recovering fees related to its oral-contract counterclaim. . . . Intercontinental has certainly waived its rights to recover fees under the contract. Intercontinental did not plead for attorney's fees under the contract, and never sought to amend its pleadings to do so."); *see also Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 61 (Tex.App.-Hous. [1st Dist.] 2013, pet. denied) (where defendants countersued on breach of contract claim but only pleaded entitlement to attorney's fees under Chapter 38, defendants could not recover under contract's "prevailing party" provision).

own contract claim." *Id.* (citation omitted). Although Defendant did assert a breach of contract claim; he did not prevail on this claim. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) ("To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages.").

In *Buckhannon*, the Supreme Court held, "a 'prevailing party' is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (citation omitted). Here, the Court awarded Defendant a form of relief by entering a take-nothing judgment. *See Epps v. Fowler*, 351 S.W.3d 862, 868-69 (Tex. 2011) (holding a nonsuit under res judicata constitutes a "material change"). The Texas Supreme Court has not decided the issue of a prevailing defendant in a case such as this, but appellate courts in Texas have held a take-nothing judgment could be considered a form of relief entitling a defendant to attorney's fees.[4] The Court does find that Defendant is a "prevailing party" through his successful defense against all of Plaintiff's claims and obtaining a take-nothing judgment. However, the Court now vacates its finding of awarding attorneys' fees to Defendant on other grounds. *See infra* Part III.

## II. Defendant's Counterclaim

Plaintiff asserts, "both sides were also prevailing parties in the sense that both successfully defeated all of the other side's claims at trial." Pl.'s Reply 5 [ECF No. 58]. Defendant does not respond to Plaintiff's argument that it is also a prevailing party in its successful defense against Defendant's counterclaim. The Court stated at trial, "[t]he Court further finds in the termination

[4] *See Old HH, Ltd. v. Henderson*, No. 03-10-00129-CV, 2011 WL 6118570, at *4 (Tex.App.-Austin 2011, no pet.) (mem. op.) (holding party prevailed when it received take-nothing judgment in its favor and this constituted a constituted a material alteration.); *Bhatia v. Woodlands N. Hous. Heart Ctr., P.L.L.C.*, 396 S.W.3d 658, 671-72 (Tex.App.-Hous. [14th Dist.] 2013, pet. denied) (affirming award of fees to defendant as the prevailing party because defendant obtained a take-nothing judgment in its favor).

agreement that Bumper Man was well within its rights to file this lawsuit. Therefore, the Court is denying the counterclaim that alleges that they have sued you wrongfully, in which they have asked for attorney fees." Tr. of R. at 170. Consequently, the Court awarded Plaintiff a take-nothing judgment. Findings 14 [ECF No. 48]. "[W]hen a defendant asserts a counterclaim that the plaintiff must overcome in order to fully recover on its contract claim, the attorneys' fees necessary to defeat that counterclaim are likewise recoverable." *7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., Inc.*, 245 S.W.3d 488, 507 (Tex.App.-Hous. [14th Dist.] 2007, pet. denied) (citing *Varner v. Cardenas*, 218 S.W.3d 68, 68-70 (Tex. 2007) (per curiam)). "Section 38.001 does not provide for attorney's fees in the pure defense of a claim. However, if the plaintiff's breach of contract claim and the defendant's counterclaims arise from the same transaction, and the same facts required to prosecute the claim are required to defend against the counterclaim, then attorney's fees may be appropriate." *Campbell Harrison & Dagley L.L.P. v. Lisa Blue/Baron & Blue*, 843 F. Supp. 2d 673, 692-93 (N.D.Tex. 2011) (citing *De La Rosa v. Kaples*, 812 S.W.2d 432, 434 (Tex.App.-San Antonio 1991, writ denied)). Plaintiff was required to overcome Defendant's counterclaim in order to successfully prosecute its own claims. Although Plaintiff did not prevail on its claims, it did prevail on showing it had to the right to sue under the Agreement. Thus, Plaintiff is also a prevailing party in defending and defeating Defendant's counterclaim. However, the Court also declines to award Plaintiff attorneys' fees. *See infra* Part III.

**III. Attorneys' Fees**

Upon further consideration, the Court hereby reverses its finding of fact that Defendant is awarded attorneys' fees. Findings 14 [ECF No. 48]. In its discretion, the Court also declines to award Plaintiff attorneys' fees.

"It is at the discretion of the court to award or deny attorneys' fees provided for by contract;

however, this discretion is limited when a contractually authorized provision for attorneys' fees exists between the parties." *Miller v. Ocwen Loan Serv., L.L.C.*, No. 4:13-CV-749, 2015 WL 3899574, at *1 (E.D.Tex. June 23, 2015) (citing *McDonald's Corp. v. Watson*, 69 F.3d 36, 45 (5th Cir. 1995); *Cable Marine, Inc. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. Unit B 1980)).[5] "According to the Fifth Circuit, the court may deny a motion for attorneys' fees based on a contractual provision if 'such an award would be inequitable and unreasonable.'" *Id.* (citing *McDonald's Corp.*, 69 F.3d at 46; *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 245 (5th Cir. 2014)).[6]

This Court stated at trial "each party shall be responsible for their own attorney fees in this matter." Tr. of R. at 170. The Court finds it would be inequitable and unreasonable to award attorneys' fees to either party in this case. "Some might argue that not every lawsuit produces a winner (even cases that go to verdict); the parties could battle to what amounts to a draw, pay their own fees and expenses, and go home." *Intercontinental*, 295 S.W.3d at 659 n.42. Such is the case here. Although the Court does find that Defendant is a prevailing party in its defense against all of Plaintiff's claims, as Plaintiff is also a prevailing party in its own defense against Defendant's counterclaim, the Court shall not award either party attorney fees. The Court finds it would be inequitable and unreasonable to award attorney fees for two reasons. First, the Court finds it would be unreasonable to award fees when a court awards both parties take-nothing judgments. A take-

---

[5] In *Bhatia*, the court stated "[w]e note . . . the allocation of court costs to the 'successful party' under Texas Rule of Civil Procedure 131, the trial court has discretion in determining which party should receive costs, even though the rule is mandatory." 396 S.W.3d at 670 n.14 (citing TEX. R. CIV. P. 131; *Sterling Bank v. Willard M, L.L.C.*, 221 S.W.3d 121, 125 (Tex.App.-Hous. [14th Dist.] 2006, no pet.)).

[6] *See also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985); *Gen. Elec. Corp. v. Oil Screw Triton, VI*, 712 F.2d 991, 995 (5th Cir. 1983); *Gregg v. U.S. Indus., Inc.*, 715 F.2d 1522, 1542 (11th Cir. 1983), *cert. denied*, 466 U.S. 960 (1984) (following *Cable Marine*); *Cable Marine*, 632 F.2d at 1345 (holding that it is within a court's equitable discretion to decline to award attorney's fees authorized by contract when such an award would be inequitable and unreasonable).

nothing judgment is "[a] judgment for the defendant providing that the plaintiff recover nothing in damages or other relief." Black's Law Dictionary (10th ed. 2014). Neither party here obtained damages or equitable relief. Second, it is inequitable here because of the financial statuses of the parties. *See* Tr. of R. at 171-72.[7] It would be inequitable for the Court to order Plaintiff to pay Defendant attorneys' fees and then subsequently order Defendant to also pay Plaintiff attorneys' fees. *See id.* The Court finds it would very difficult (if not impossible) to segregate the fees, not only between the parties, but from claims that are recoverable versus those that are unrecoverable.

The Court finds that neither the Agreement nor the parties have overcome the American Rule that the prevailing litigant is not usually entitled to attorneys' fees from the loser. *See Buckhannon*, 532 U.S. at 602. The Court is unable to find Texas precedent that indicates awarding attorney fees when both parties lose on all of their claims and the fact finder awards no damages. To do so would subvert the purpose of the American Rule and a take-nothing judgment. In the exercise of the Court's discretion, the Court declines to award attorneys' fees. As a result, neither party is awarded attorneys' fees. Each party shall bear their own costs and expenses in this matter.

## CONCLUSION

Therefore, Plaintiff's Objections [ECF No. 51] are overruled and Defendant's Motion for Attorney Fees [ECF No. 45] is DENIED. The Court vacates its previous award of attorneys' fees to Defendant. It is hereby ordered that each party shall bear its own attorneys' fees, costs, and

---

[7] The Court stated at trial:

> Both sides have already submitted findings of fact and conclusions of law, and I will take a look at those, but I got to tell you that I'm pretty reluctant. I know that there's been a lot of expenses incurred in representing Mr. Smit, and I know he doesn't have the wherewithal to pay for attorney fees, but that doesn't mean I look at the Plaintiff and say "[w]ell, they have deep pockets and I am going to award it." That's not how I am going to look at it. I'm looking at what's fair in this case, what's fair to both side[s]. Sometimes you have a suit that you just can't resolve and it needs to go to trial, and that's what you did here.

Tr. of R. at 171.

expenses.

**SO ORDERED,** this 5 day of January, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE